## PEOPLE *v.* FAST.

CRIMINAL LAW—INTOXICATING LIQUORS—NEW TRIAL—WEIGHT OF EVIDENCE.
A conviction of an illegal sale of intoxicating liquor, *held,* not against the great weight of the evidence.[1]

Exceptions before judgment from Ottawa; Cross (Orien S.), J.     Submitted June 11, 1925.     (Docket No. 84.)     Decided July 16, 1925.

Emory Fast was convicted of violating the liquor law.     Affirmed.

*Charles E. Misner,* for appellant.

*Andrew B. Dougherty,* Attorney General, and *Fred T. Miles,* Prosecuting Attorney, for the people.

McDONALD, C. J.     The defendant was convicted under an information charging him with a violation of the prohibitory liquor law, in that on the 30th of

[1] Intoxicating Liquors, 33 C. J. § 510.

March, 1924, in the township of Robinson, Ottawa county, Michigan, he sold and furnished to one Lloyd Sellers one pint of moonshine whisky. The defendant is a farmer. Lloyd Sellers is a police investigator employed by the police department of Grand Haven, Michigan. It is claimed that on the date charged in the information, in company with one Bert Taylor, he went to the home of the defendant and purchased from him a pint of moonshine whisky, for which he paid $2. The defense was an alibi. After conviction a motion for a new trial was made on the ground that the verdict was against the great weight of the evidence. This motion was denied and the defendant has brought the case here on exceptions before sentence.

The assignments of error present questions relative to the admission of evidence and to the refusal of the court to grant a new trial. Those in regard to the rulings of the court on the admission of evidence present no new questions and are not of sufficient importance to merit discussion.

In discussing the claim that the verdict was against the great weight of the evidence counsel for the defendant says in his brief:

"If this case had been any other kind it would never have been prosecuted on such unbelievable testimony. The juries in this county would convict a Frances Willard on a liquor charge."

There is nothing in the record indicating that this defendant is in the Frances Willard class, but, if there were, it would still be the duty of the jury to convict if there was evidence establishing his guilt beyond a reasonable doubt. For in the exercise of their duties those called upon to administer the law should be no respecters of persons. It is true that counsel outdid the prosecutor in the number of witnesses presented, who testified to the defendant's alibi. But

it is possible that the jury considered the fact that with one exception they were all members of the defendant's family and might be interested in the outcome. At any rate, the circuit judge, who presumably is familiar with the convicting tendencies of Ottawa county juries, says that the verdict was justified by the evidence. He had the advantage of seeing the witnesses and of hearing them testify, and we should give some attention to his judgment as to the quality of their testimony.

The record is without error. The conviction is sustained and the circuit court will proceed to judgment.

CLARK, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.